IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Neuman, | ) No. CV 08-342-TUC-FRZ(HCE) |
| Plaintiff, | ) **REPORT & RECOMMENDATION** |
| vs. | ) |
| John Potter, Postmaster General United States Postal Service, | ) |
| Defendant. | ) |

Pending before the Court is Defendant's Partial Motion to Dismiss (Doc. No. 6). For the following reasons, the Magistrate Judge recommends that the District Court grant in part and deny in part without prejudice Defendant's Partial Motion to Dismiss (hereinafter "Defendant's Motion").

**I.   PROCEDURAL BACKGROUND**

Plaintiff has filed the instant *pro se* Complaint (Doc. No. 1) pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. §633a (hereinafter "ADEA"). Plaintiff's claims arise from his termination from employment as Plant Manager at the Tucson Mail Processing Plant of the United States Postal Service (hereinafter "USPS"). (Complaint, ¶9).   Plaintiff alleges that Defendant discriminated against him in violation of

Title VII on the basis of Plaintiff's race, which is Hispanic; his religion, which is Jewish; and for his participation in protected activity. (Id. at ¶¶20-22). Plaintiff also alleges that Defendant discriminated against him in violation of the ADEA on the basis of Plaintiff's age, which is over 40. (*Id.* at ¶¶4, 17-19). Plaintiff further alleges that he

> timely filed his charge of discrimination and retaliation with the Agency and has completed all administrative requirements prior to the initiative [sic] of this proceeding. The Plaintiff in this action filed after more than 180 days had expired in the Administrative Process or after 30 days when notice was given to Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO), thus giving Plaintiff the right to proceed to Federal Count [sic] in accordance with 29 C.F.R. 1614 *et. seq.*
> \*\*\*
> Plaintiff has fully complied with all prerequisites to jurisdiction of this Court.

(*Id.* at ¶¶ 4, 5).

## II. DISCUSSION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant seeks dismissal for lack jurisdiction of Plaintiff's Title VII claims of discrimination based on race and religion. Additionally, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant seeks dismissal of Plaintiff's ADEA claim. In his response to Defendant's Partial Motion to Dismiss, Plaintiff states that he "stands on his ORIGINAL COMPLAINT." (Response, p.1 (Doc. No. 16)).

### A. Dismissal for Lack of Subject Matter Jurisdiction

Defendant contends that the Court lacks jurisdiction over Plaintiff's claims of race and religious discrimination in violation of Title VII because Plaintiff did not exhaust his administrative remedies prior to filing such claims with this Court.

#### 1. Standard

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate when the court lacks subject matter jurisdiction over a claim. Fed. R. Civ. 12(b)(1). Subject matter jurisdiction involves the power of the court to hear the plaintiff's claims in the first place and, therefore, imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power. Because federal courts are courts of limited jurisdiction, it is presumed that a cause lies outside the

jurisdiction of federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). The plaintiff bears the burden of establishing that jurisdiction exists. *Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, 499 (9th Cir. 2001); *Thornhill Publishing Co. v. General Telephone & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

"'A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may...'" attack the existence of subject matter jurisdiction as a matter of fact. *National Union Fire Insur. Co. v. ESI Ergonomic Solutions, LLC.,* 342 F.Supp.2d 853 (D. Ariz. 2004) *(quoting Thornhill Publishing Co.,* 594 F.2d at 733). "When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Id. (citing Federation of African Amer. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996)). Where the jurisdictional issue can be separated from the merits of the case, the court may consider the evidence presented with respect to the jurisdictional issue, resolving factual disputes if necessary. *Thornhill,* 594 F.2d at 733. "When the motion is a factual attack on subject matter jurisdiction, a defendant may 'rely on affidavits or any other evidence properly before the Court.'" *National Union Fire Insur. Co.*, 342 F.Supp.2d at 861 (*citing St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)); *see also Sommatino v. United States,* 255 F.3d. 704, 710 n.3 (9th Cir. 2001) ("In reviewing a motion to dismiss based on lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), the court may consider affidavits or any other evidence properly before the Court."). In the instance of a factual challenge, no presumption of truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims. *Thornhill,* 594 F.2d at 733.

## 2. Pertinent Facts

Plaintiff alleges that prior to his termination, he had worked for the USPS for over 27 years. (Complaint, ¶9). He became Tucson Plant Manager in May 2001. (*Id.*). On

September 14, 2004, Plaintiff received a Notice of Proposed Adverse Action: Removal authored by Carl Grigel, Postmaster for Phoenix, Arizona. (Complaint, ¶15, Defendant's Motion, Ex. 1) Therein, Phoenix Postmaster Grigel cited the following charges in support of the proposed removal: (1) unacceptable conduct; (2) improper influencing of employee's testimony; (3) appearance of impropriety; and (4) failure to follow proper procedures. (Defendant's Motion, Ex. 1).

Thereafter, in November 2004, Plaintiff filed an "EEO Complaint of Discrimination in the Postal Service" alleging that he was discriminated against by Charles Davis, Wayne Garrison, Carl Grigel and Edie Murietta-Penn on the basis of age and retaliation.[1] (Defendant's Motion, Ex. 7). Plaintiff further alleged that the discriminatory action occurred on September 17, 2004 when he was issued the Notice of Proposed Adverse Action: Removal dated September 14, 2004. (*Id.*). According to Plaintiff, the Notice of proposed removal was based on charges that "were fabricated as a result of the filing of a harassment charge by Ms. Brindley; my reporting advances by Wayne Garrison to my supervisor...." (*Id.*). In December 2004, Plaintiff was notified that, with regard to his claim of age discrimination, the ADEA permitted "persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures." (Defendant's Ex. 8). Plaintiff was also advised as to the procedure and time frames for pursuing his ADEA claim. (*Id.*).

On January 3, 2005, Plaintiff's complaint in case number 4F-852-0004-05 was dismissed. (*See* Defendant's Ex. 9). In dismissing Plaintiff's complaint:

> [t]he agency defined the claim as whether complainant was subjected to discrimination on the bases of age (D.O.B. 10/04/52) and reprisal for prior EEO activity when on September 17, 2004, he was issued a Notice of

---

[1]Plaintiff's EEO Complaint of Discrimination in the Postal Service was set out on a preprinted form that, among other things, provided boxes for Plaintiff to mark to indicate the "Type of Discrimination You Are Alleging." (Defendant's Motion, Ex. 7). The types of discrimination listed are: race; color; religion, national origin; sex; age; retaliation; and disability. (*Id.*.). Plaintiff's EEO Complaint was assigned the following case number: 4F-852-0004-05. (*Id.*).

- 4 -

> Proposed Adverse Action Removal dated September 14, 2004, charging him with Unacceptable Conduct, Improper Influencing of Employee's Testimony, Appearance of Impropriety, and Failure to Follow Proper Procedures.

(*See Id.*). The Agency dismissed the complaint for failure to state a claim under applicable regulations because Plaintiff was unable to show that he suffered any concrete harm as a result of being issued the Notice of proposed removal. (*See Id.*).

Plaintiff appealed the Agency's decision. (Defendant's Motion, Ex. 3 internal ex. 5). He claimed that "a number of factors contributed to a pattern of harassment for prohibited reasons and thus cannot be dismissed for reasons cited by the Agency." (*Id.* at p.1). Plaintiff cited retaliation for his participation in an EEO sexual harassment charge filed by another employee and retaliation for Plaintiff's own report to his supervisor "that the District Manager of Human Resources had made a pass at [Plaintiff]...." (*Id.* at p.2). On May 20, 2005, the EEOC affirmed the agency's decision dismissing Plaintiff's EEO complaint in case number 4F-852-0004-05. (Defendant's Motion, Ex. 9).

While Plaintiff's appeal of the agency's dismissal of his retaliation and age claims in case number 4F-852-0004-05 was pending, District Manager Charles Davis issued a Letter of Decision dated April 5, 2005 wherein he essentially adopted the charges described in the Notice of Proposed Adverse Action: Removal dated September 14, 2004, and informed Plaintiff of Plaintiff's removal from Postal Service employment effective April 15, 2005. (Defendant's Motion, Ex. 2). The Letter of Decision also contained information concerning the appeal process. In pertinent part, Plaintiff was advised that if he "believe[d] that the action is based, in whole or in part, on discrimination, you have the option of filing an appeal with the M[erit] S[ystems] P[rotection] B[oard] [hereinafter "MSPB"] or filing an EEO complaint with the Postal Service....If you file an EEO complaint, you will have no further right concurrently to appeal the matter to the MSPB." (*Id.* at p. 24).

On April 25, 2005, Plaintiff through counsel, filed an appeal of Mr. Davis' April 5, 2005 Decision Letter challenging the removal decision on several grounds. (Defendant's Motion, Ex. 3) In filing his appeal, Plaintiff used the "Merit System Protection Board Appeal Form" and he attached additional documentation to that form. In response to the form

inquiry whether Plaintiff believed the action he was appealing violated the law, Plaintiff indicated that the removal decision violated Title VII. When responding to the form inquiry as to how such law was violated, Plaintiff responded "Retaliation" and referred to paragraphs 5, 7, and 10 of an attachment to his appeal form:

> 5. Charles Davis, District Manager, Arizona District, USPS, the Deciding Official is biased and removed Appellant in retaliation for Appellant naming Davis in an EEO complaint filed on 11/27/99, *see attached exhibit 4.*[2]
>
> \*\*\*
>
> 7. The investigation was influenced by Wayne Garrison, District Director of Human Resources, Arizona District, USPS, Appellant had refused a homosexual advance by Mr. Garrison and reported the sexual harassment to his superior.
>
> \*\*\*
>
> 10. Removed Appellant for participating in EEO process wherein he is named as a witness in a sexual harassment/retaliation claim against the Postal Service [EEOC No. 350-2005-00084X and USPS Case No. 47-852-004-05 [sic], *see attached exhibit 5.*

(*Id.*). (emphasis in original).

In response to the following form instruction:

---

[2] The November 27, 1999 EEO Complaint referenced by Plaintiff in his appeal was filed against Paul Harris and Charles Davis on the basis of national origin discrimination and retaliation. (Defendant's Motion, Ex. 3 internal ex. 4). Therein, Plaintiff alleged "[r]etaliation: [b]ased on prior EEO activity against Paul Harris. National origin: the selection of Art Zastro [for the Plant Manager position] was to the exclusion of a better qualified hispanic mail [sic] (Jack Neuman)." (*Id.*). In a December 28, 1999 statement, Plaintiff provided additional information concerning his claim that he was not selected for the Tucson Plant manager position because of discrimination based on national origin and retaliation." (*Id.*). Plaintiff alleged in his Complaint filed with this Court, that prior to 2001, he had applied for but not been selected to fill the position of Tucson Plant Manager. (Complaint, ¶10). When he was not selected for the position, he filed "a discrimination complaint against the Deciding Official, Charles Davis, on the grounds of retaliation and national origin, as [Plaintiff] felt he was better qualified for the position than the individual selected. The Plaintiff later withdrew the action after his eventual promotion in 2001 to the Tucson Plant Manager position; Senior Plant Manager, Paul Harris, selected the Plaintiff for the position and Davis concurred." (*Id.*).

> If you believe you were discriminated against by the agency in connection with the matter appealed, because of your race color, religion, sex, national origin, marital status, political affiliation, disability, or age, indicate so and explain why you believe it to be true

Plaintiff wrote "Retaliation" and again cited paragraphs 5, 7, and 10 of his attachment as set forth above with regard to his allegation under Title VII. (*Id.*) (emphasis omitted). In answering other appeal form inquiries, Plaintiff also indicated that the removal decision was taken because of whistleblowing activity in light of a July 7, 2004 letter he sent to the Office of the Inspector General concerning inquiries Plaintiff had made "into the performance and misconduct..." of two other USPS employees with regard to "the fact that the Tucson Plant was significantly overrunning Total Operating Expenses...." (Defendant's Ex. 3 internal ex. 6). In the July 7, 2004 letter, Plaintiff asserted that his inquiries resulted in an investigation of himself and the filing "of false allegations [against him] in order to redirect the investigation away from..." those people who had been the focus of Plaintiff's inquiries. (*Id.*).

In February and March 2006, Plaintiff's appeal came on for hearing before MSPB Administrative Law Judge James A. Kasic (hereinafter "the ALJ"). (*See* Defendant's Motion, Ex. 4) On December 19, 2006, the ALJ issued his Initial Decision wherein, *inter alia,* he: (1) dismissed Plaintiff's claim of retaliation for having previously filed EEO case number 4F-852-0004-05; and (2) mitigated the removal action to a demotion to the Manager of Distribution Operations position that Plaintiff held prior to taking the Plant Manager position from which he was removed. (Defendant's Motion, Ex. 4). The Postal Service appealed the ALJ's decision and on March 4, 2008, the full MSPB reversed the ALJ's order on the issue of mitigation and sustained Plaintiff's removal. (Defendant's Motion, Ex. 5). In the March 4, 2008 decision, the MSPB noted that Plaintiff had not filed a cross-petition for review to challenge the ALJ's finding concerning Plaintiff's claim of retaliation. (*Id.* at p.3).

Thereafter, Plaintiff filed a Petition with the EEOC, Office of Federal Operations, requesting review of the MSPB's March 4, 2008 Opinion and Order. (*See* Defendant's

1  Motion, Ex. 6).  The EEOC pointed out that "the Board noted that petitioner did not
2  challenge the finding regarding his retaliation claims."  (Defendant's Motion, Ex. 6, p.1).
3  The EEOC upheld the MSPB's March 4, 2008 decision, as follows, in pertinent part:

> Based upon a thorough review of the record, it is the decision of the Commission to concur with the final decision of the MSPB finding no discrimination.  Petitioner failed to show that the agency's reasons for removing him were a pretext for retaliation.  The Commission finds that the MSPB's decision constitutes a correct interpretation of the laws, rules, regulations, and policies governing this matter and is supported by the evidence in the record as a whole.

(*Id.* at p.2).

On June 5, 2008, Plaintiff filed the instant action.

### 3. Analysis

Defendant points out that Plaintiff failed to raise race or religion "during any portion of his MSPB appeal."  (Defendant's Motion, p.3).  According to Defendant, Plaintiff's allegations of race and religious discrimination must be dismissed for lack of jurisdiction because Plaintiff failed to exhaust such claims as required by Title VII.

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust [his or] her administrative remedies."  *Sommatino,* 255 F.3d at 707-708 (citations omitted) (affirming district court's dismissal of Title VII claims for lack of jurisdiction).  The Supreme Court has held that failure to file a timely administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel, and equitable tolling.  *Id.* at 708 (*citing Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982)).  Nonetheless, "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Id.* at 708 (emphasis in original).

Ordinarily, when a federal employee such as Plaintiff asserts a discrimination claim pursuant to Title VII, "[h]e or she must initially file a complaint with the Equal Employment Opportunity Office of his or her agency.  Once the agency issues a final decision, the complainant may file an appeal of the agency resolution with the Equal Employment

Opportunity Commission, or alternatively, file a civil suit in federal district court."[3] *Sloan v. West,* 140 F.3d 1255, 1260 (9th Cir. 1998) (*citing* 29 C.F.R. §1614.310(a) (1997); 32 C.F.R. §588.26(f) (1997); 32 C.F.R. § 588 app.A, 1 (1997)) (footnotes omitted).

Additionally, when a federal employee such as Plaintiff "claims he or she has been affected by both an 'adverse employment action' and a related Title VII violation, administrative remedies may be exhausted for Title VII purposes by asserting both claims before the MSPB."[4] *Id.* (*citing McAdams v. Reno,* 64 F.3d 1137, 1141 (8th Cir. 1995)). This type of case is known as a "mixed case complaint" which means that the complaint alleges the employee suffered an adverse employment action that was affected, in whole or in part, by unlawful discrimination. *Id.* Further, the term "mixed case appeal" refers to a case which presents an appealable non-discrimination claim coupled with a discrimination claim. *Id.* (*citing* 29 C.F.R. 1614.302(a)(2) (1997)).

The employee "may initially file a mixed case complaint with an agency...or an appeal on the same matter with the MSPB pursuant to 5 C.F.R. § 1201.5, but not both." 29 C.F.R. §1614.302(b)(2006) (the employee "may not initially file both a mixed case complaint and an appeal on the same matter...."). Once an employee has chosen the option of proceeding before the MSPB, he or she must exhaust his or her claims in that forum before filing a civil court action. *McAdams,* 64 F.3d at 1142.

Generally, this Court lacks jurisdiction over incidents not listed in the plaintiff employee's administrative claim unless the allegations in the court action are "like or

---

[3]An employee may also file an action in district court if, after 180 days from the date of appealing to the EEOC, the EEOC has not issued a final decision on the matter. 29 U.S.C. § 1614.407(d) (2008).

[4]The MSPB is a quasi-judicial Government agency which was created by the Civil Service Reform Act, 5 U.S.C. § 1201 *et. seq.*, "to adjudicate Federal employee appeals of agency personnel actions. The MSPB is charged with overseeing and protecting the merit system, and adjudicating conflicts between Federal employees and employers." *Sloan,* 140 F.3d at 1258-1259. The MSPB has pendant jurisdiction over discrimination claims brought in connection with an "adverse action" otherwise appealable to the MSPB. *Id.* (*citing* 29 C.F.R. § 1614.302(1997)).

reasonably related to the allegations of the EEOC charge." *Stache v. International Union of Bricklayers,* 852 F.2d 1231, 1234 (9th Cir. 1988)(citation omitted); *see also Leong v. Potter,* 347 F.3d 1117, 1122 (9th Cir. 2003). In determining whether an allegation under Title VII is like or reasonably related to allegations contained in the administrative claim, "the court inquires whether the original EEOC investigation would have encompassed the additional charges." *Green v. Los Angeles County,* 883 F.2d 1472, 1476 (9th Cir. 1989), *overruled on other grounds by National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002). This evaluation "is not limited to the actual EEOC investigation, but can include the scope of an 'EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir. 1990) (*quoting Green,* 883 F.2d at 1476) (emphasis in original). In making this determination, the Ninth Circuit views the Plaintiff's claim "with the utmost liberality." *Yamaguchi v. United States Dep't. of the Air Force,* 109 F.3d 1475, 1480 (9th Cir. 1997). In determining that a claim is reasonably related, the Ninth Circuit has examined the text of the plaintiff's administrative charge, *Id.,* and whether a plaintiff attempts to litigate a new theory of discrimination not previously presented through the appropriate administrative process. *See Shah v. Mt. Zion Hospital & Medical Center,* 642 F.2d 268, 271-272 (9th Cir. 1981). For example, where the plaintiff alleged sex and national origin discrimination before the EEOC, the Ninth Circuit has refused to consider additional claims of "race, color and religious discrimination" even though that plaintiff "relie[d] on the same employer actions to demonstrate discrimination under..." these new theories never investigated by the EEOC. *Shah,* 642 F.2d at 272.

Plaintiff herein elected to proceed before the MSPB and to file a mixed-case appeal wherein he alleged violations of Title VII in the form of retaliation for prior EEO activity and for complaining to his supervisor about alleged homosexual advances directed at him by the Director of Human Resources. (*See* Defendant's Ex. 3). Plaintiff also alleged retaliation for his "whistleblowing" activity concerning other employees' conduct and lack of compliance with management procedures. (*See* Defendant's Motion, Ex. 3). At no time during the administrative proceeding did Plaintiff, who was represented by counsel, raise the specific

issue of race or religious discrimination. Nor did he cite any grounds to support such theories. Further, Plaintiff's current claims of race and religious discrimination are not akin, *i.e.* like or reasonably related to, his allegations of retaliation nor could these new theories reasonably be expected to grow out of the charge of discrimination Plaintiff presented to the MSPB and EEOC. *See e.g., Green,* 883 F.2d at 1476; *Leong,* 347 F.3d at 1121; *Shah,* 642 F.2d at 272. Under such circumstances, Plaintiff has failed to exhaust his Title VII claims of discrimination based on race and religion.

To the extent that Title VII's exhaustion requirement "is subject to waiver, equitable estoppel, and tolling", there has been no showing on the instant record that Plaintiff is entitled to equitable relief to allow him to proceed on his claims of race and religious discrimination. *Leong,* 347 F.3d at 1122-1123 (citations omitted). Consequently, the Court lacks jurisdiction over Plaintiff's Title VII claims of discrimination based on race and religion and such claims must be dismissed. *See Leong,* 347 F.3d 1117 (affirming dismissal for lack of subject matter jurisdiction where plaintiff failed to exhaust claim and plaintiff was not entitled to equitable relief to allow such claim); *Sommatino,* 255 F.3d 704 (affirming dismissal for lack of jurisdiction where plaintiff failed to present claims to the appropriate administrative authority and no ground for equitable relief applied).

### B.     Motion to Dismiss for Failure to State a Claim

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant moves to dismiss Plaintiff's ADEA claim on the ground that Plaintiff has failed to state a claim upon which relief may be granted. Defendant contends that Plaintiff failed to pursue his ADEA claim within the mandatory time limits and according to the manner prescribed under the statute. Defendant acknowledges that the mandatory time limits are not jurisdictional. (Defendant's Motion, p.6 (*citing Forester v. Chertoff,* 500 F.3d 920, 929 (9th Cir. 2007)). In support of his Partial Motion to Dismiss, Defendant has attached several documents including an affidavit from an employee of the EEOC indicating that Plaintiff failed to file a notice of intent to sue with regard to his ADEA claim. (Defendant's Motion, Ex. 10).

In his Complaint filed with this Court, Plaintiff alleges that he completed all administrative requirements prior to filing the instant action and that this action is filed within the appropriate time frames. (Complaint, ¶4).

Unlike Rule 12(b)(1) which permits consideration of evidence outside the pleadings, Rule 12(b)(6) does not allow for consideration of evidence outside the pleadings except in limited circumstances not applicable herein. Under Rule 12(d), if the Court considers documents outside the pleadings when resolving a motion filed pursuant to Rule 12(b)(6), such motion must be treated as one for summary judgment. It is within the Court's discretion whether to consider documents outside the pleadings and, thus, convert the motion to dismiss to a motion for summary judgment. *See* Charles Alan Wright & Arthur R. Miller, 5C *Federal Practice and Procedure,* § 1366 (Civil 3d. ed. 2004) ("federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). Given Plaintiff's allegations that he has satisfied all administrative requirements including compliance with applicable time limits, resolution of Defendant's Motion necessarily requires consideration of documents attached to Defendant's Motion.

The standard for a motion for summary judgment differs from the standard for a motion to dismiss for failure to state a claim. Additionally, the Rules of Practice of the U.S. District Court for the District of Arizona require that the moving party file a separate statement of facts in support of a motion for summary judgment. *See* LR Civ. 56.1(a). The Local Rule also imposes obligations upon the party opposing such motion. *See* LR Civ. 56.1(b). Given Plaintiff's *pro se* status, Defendant's arguments are more appropriately addressed within the context of a motion for summary judgment filed pursuant to Fed.R.Cvi.P. 56 and in compliance with the applicable Local Rule. Therefore, the Magistrate Judge recommends the District Court decline to consider the documents filed in support of Defendant's Rule 12(b)(6) motion and deny such motion without prejudice with leave to renew as a motion for summary judgment if Defendant so chooses.

## III. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court GRANT IN PART and DENY IN PART WITHOUT PREJUDICE Defendant's Partial Motion to Dismiss (Doc. No. 6). Defendant's Partial Motion to Dismiss should be granted to the extent that the Plaintiff's Title VII claims of discrimination based on race and religion should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction. The remainder of Defendant's Partial Motion to Dismiss, which is filed pursuant to Fed.R.Civ.P. 12(b)(6), should be denied without prejudice and with leave to refile as a motion for summary judgment if Defendant so chooses.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 08-342-TUC-FRZ.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 14th day of August, 2009.

_____
Héctor C. Estrada
United States Magistrate Judge